# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:11-CR-00011-KDB-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> ADAM JOE LOUIS JORDAN, III, <br><br> **Defendant.** | **ORDER** |

**THIS MATTER** is before the Court on Defendant's *pro se* "Motion for Payment Schedule Regarding Restitution," (Doc. No. 175); "Motion to Appoint Counsel under *U.S. v. Rehaif*," (Doc. No. 182); "Motion to Appoint Counsel Pursuant to the First Step Act of 2018," (Doc. No. 183); and "Motion for Compassionate Release Reduction of Sentence," (Doc. No. 184).

In his "Motion for Payment Schedule Regarding Restitution," Defendant asks for clarification about when his payment schedule begins. A payment schedule will be determined in collaboration with Defendant's probation officer upon Defendant's release from the Bureau of Prisons ("BOP").

Section 603(b) of the First Step Act amended § 3582(c)(1)(A), which previously only allowed a court to reduce a term of imprisonment on motion by the Director of the BOP. Now a court may entertain a motion filed by a defendant: (1) after full exhaustion of all administrative rights to appeal a failure of the BOP to bring a motion on his behalf; or (2) after lapse of 30 days from the receipt of such a request by the warden of his facility, whichever is less.

Here, Defendant submitted a request for compassionate release dated December 14, 2020 to his correctional counselor who scanned the request to the Executive Assistant on December 16, 2020. No response was forthcoming from the warden. (Doc. No. 184, Exhibit 1). Defendant

claims to have low blood sugar and to have contracted COVID-19 long-haul symptoms such as shortness of breath, fatigue, heart irregularities and blurred vision but fails to provide BOP medical records to substantiate his claims. Defendant needs to supply BOP medical records to substantiate his claims or inform this Court as to why he is unable to obtain such records.

Defendant also moves for the appointment of counsel to represent him in pursuing relief under the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), and under the First Step Act of 2018. However, "a criminal defendant has no right to counsel beyond his first appeal." *United States v. Legree,* 205 F.3d 724, 730 (4th Cir. 2000); *see also Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991)); *Rouse v. Lee*, 339 F.3d 238, 250 (4th Cir. 2003), *cert. denied*, 541 U.S. 905 (2004) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555-56 (1987)).

The Court may, in some circumstances, appoint counsel to represent a prisoner when the interests of justice so require, and the prisoner is financially unable to obtain representation. *See* 18 U.S.C. § 3006A(a)(2)(B). In the instant case, however, the Defendant has failed to demonstrate that the interests of justice warrant the appointment of counsel. *See United States v. Riley*, 21 F. App'x 139, 141-42 (4th Cir. 2001).

**IT IS, THEREFORE, ORDERED** that Defendant's:

(1) "Motion for Payment Schedule Regarding Restitution," (Doc. No. 175), is **DENIED AS MOOT;**

(2) "Motion to Appoint Counsel under *U.S. v. Rehaif*," (Doc. No. 182), is **DENIED;**

(3) "Motion to Appoint Counsel Pursuant to the First Step Act of 2018," (Doc. No. 183), is **DENIED;** and

(4) "Motion for Compassionate Release Reduction of Sentence," (Doc. No. 184), is **DENIED** without prejudice to a renewed motion properly supported by evidence.

**SO ORDERED.**

Signed: July 15, 2021

Kenneth D. Bell
United States District Judge