IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:11-CR-00011-KDB-DSC-1

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ADAM JOE LOUIS JORDAN, III,<br><br>**Defendant.** | **ORDER** |

**THIS MATTER** is before the Court on Defendant Adam Joe Louis Jordan, III's *pro se* motion for compassionate release and reduction in sentence under 18 U.S.C. § 3582(c)(1) and the First Step Act of 2018. (Doc. No. 194). Defendant seeks compassionate release arguing that: (1) his sentence was "harsh" when compared to his co-defendants' sentences; (2) he is entitled to relief under Amendment 599; (3) that the Fourth Circuit's recent decision in *United States v. Green*, 996 F.3d 176 (4th Cir. 2021) renders his enhancement under the guidelines invalid; (4) the Supreme Court's decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022) supports a reduction in his sentence; (5) the risk of contracting COVID-19 while incarcerated at FCI Pekin[1] is high and that, because of his medical conditions, he faces a heightened risk of a severe case of COVID-19 or possibly death if he were to contract the virus; and (6) his rehabilitative efforts and the § 3553(a) factors support release.

---

[1] According to the Bureau of Prison's (BOP) website, FCI Pekin currently has 2 inmates and 3 staff with confirmed active cases of COVID-19. There have been zero inmate deaths and zero staff deaths, while 786 inmates have recovered, and 118 staff have recovered. Additionally, at FCI Pekin, 132 staff have been fully inoculated and 1,198 inmates have been fully inoculated.

Having carefully reviewed the Defendant's motion, exhibits, and all other relevant portions of the record, the Court will deny his motion as Defendant has not met his burden to establish that a sentencing reduction is warranted under 18 U.S.C. § 3582(c).

## I. BACKGROUND

On February 15, 2011, Adam Joe Louis Jordan, III was charged in a Bill of Indictment with one count of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951 (Count One); six counts of aiding and abetting Hobbs Act robbery in violation of 18 U.S.C. §§ 1952 and 2 (Counts Two, Four, Five, Seven, Nine, and Eleven); five counts of aiding and abetting the using, carrying, and brandishing of a firearm in furtherance of a crime of violence, that is Hobbs Act robbery as charged in Counts Two, Five, Seven, Nine, Eleven in violation of 18 U.S.C. §§ 924(c) and 2 (Counts Three, Six, Eight, Ten, Twelve); and one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e) (Count Thirteen). *See* Doc. No. 1. Defendant entered into a Plea Agreement, under which he agreed to plead guilty to Counts One, Three, and Thirteen of the Indictment and the Government agreed to dismiss Count Two and Counts Four through Twelve. *See* Doc. No. 51 at 1; Doc. No. 54 at 1.

Before Defendant's sentencing, a probation officer prepared a Presentence Investigation Report. The probation officer found Defendant's criminal history category to be IV and his Total Offense Level to be 30. *See* Doc. No. 69 at ¶¶ 93, 106. Defendant's statutory term of imprisonment for Count Three was a minimum of seven years to life. *See* 18 U.S.C. 924(c). The resulting guidelines range for imprisonment was 135 to 168 months followed by a mandatory consecutive sentence of 7 years. *See* Doc. No. 69 at ¶¶ 135-36. The Court sentenced Defendant to 151 months on each of Counts One and Thirteen, to be served concurrently, and a term of 84 months on Count

Three, to be served consecutively to the terms imposed on Counts One and Thirteen, for a total term of 235 months' imprisonment. (Doc. No. 111).

Defendant is currently 37 years old and serving his prison sentence at FCI Pekin in Illinois. According to the Bureau of Prisons website, his scheduled release date is January 14, 2027.

## II. LEGAL STANDARD

By statute, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Nonetheless, Congress has provided a few exceptions to this general rule. One such exception is a motion for compassionate release. Before the passage of the First Step Act, district courts were only permitted to reduce a term of imprisonment on motions for compassionate release made by the Director of the Bureau of Prisons (BOP). Now, a court may entertain a motion filed by a defendant. The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, now provides in pertinent part:

(c) **Modification of an imposed term of imprisonment**. —The Court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction

. . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . ..

18 U.S.C. § 3582(c). Upon exhaustion of his administrative remedies, "a defendant becomes eligible for relief only if the court finds that a reduction is both (1) warranted by 'extraordinary and compelling reasons' and (2) 'consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. High*, __ F.3d __, No. 20-7350, 2021 WL 1823289, at *3 (4th Cir. May 7, 2021).

However, there is currently no applicable policy statement governing compassionate release motions filed by defendants. *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020). "The only policy statement that could possibly be 'applicable'" is U.S.S.G. § 1B1.13, but that provision, "[b]y its plain terms, . . . does not apply to *defendant-filed* motions under § 3582(c)(1)(A)." *McCoy*, 981 F.3d at 282 (emphasis added). Section 1B1.13 applies only to BOP-filed motions. As a result, district courts may consider any extraordinary and compelling reason for release that a defendant might raise. *Id.* Still, the Fourth Circuit has recognized that Section 1B1.13 provides helpful guidance to courts in determining what constitutes "extraordinary and compelling reasons." *High*, __ F.3d at __, 2021 WL 1823289, at *3. With respect to medical conditions, Section 1B1.13 states that extraordinary and compelling reasons include when a "defendant is suffering from a terminal illness" or is "suffering from a serious physical or medical condition." U.S.S.G. 1B1.13 cmt. 1(A)(i), (ii).

Even if a court finds that a defendant has demonstrated extraordinary and compelling reasons, it is still not required to grant the defendant's motion for a sentence reduction. Rather, it must consider the § 3553(a) sentencing factors "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Those factors include "the nature and circumstances of the offense"; "the history and characteristics of the defendant"; "the need to avoid unwarranted sentence disparities"; and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the

public," and "provide the defendant with . . . training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a). A defendant seeking compassionate release has the burden of establishing that such relief is warranted. *See, e.g.*, *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020); *United States v. Heromin*, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019).

### III. DISCUSSION

1. <u>Sentencing Disparity with Co-defendants</u>

The Defendant argues that his sentence was "particularly harsh in light of the shorter sentences his co-defendants received." (Doc. No. 194 p.4). While it is true that there is a disparity between the Defendant's and his co-defendants' sentences, it is not an unwarranted disparity. Two of his co-defendants pleaded guilty to only a single count of Hobbs Act Conspiracy, in violation of 18 U.S.C. § 1951, and the other co-defendant pleaded guilty to a lone substantive Hobbs Act Robbery count. (*See* Doc. Nos. 82, 84, 86). Unlike the Defendant, none of the co-defendants pleaded guilty to an 18 U.S.C. § 924(c) charge, brandishing a firearm during the course of a Hobbs Act Robbery. Because the Defendant pleaded guilty to an 18 U.S.C. § 924(c) charge the Court was required to sentence him to a minimum of an additional seven years. *See* Doc. No. 111. As a result, the disparity between the Defendant's and his co-defendant's sentences is not only warranted but it was required by statute.

2. <u>Amendment 599</u>

The Defendant next challenges the calculation of his sentencing guidelines under Amendment 599 to the United States Sentencing Guidelines, which addresses the circumstances under which a court may impose a weapons enhancement on a defendant convicted of a violation of § 18 U.S.C. § 924(c). *See United States v. Smalls*, 444 F. Supp. 2d 500, 501 (D.S.C. 2006)

(citing United States Sentencing Guidelines Manual, App. C, Vol. II (2003)). The Defendant has raised this same argument several times and the Court has rejected it every time. (*See* Doc Nos. 170, 186, 187, 190). Moreover, the Court's latest denial of the Defendant's Amendment 599 argument is still on appeal. (Doc. No. 191). Even if the Court could reconsider this issue while on appeal, the Court would decline to revisit the Defendant's Amendment 599[2] argument. *See United States v. Martin,* No. 2:00cr82, 2005 U.S. Dist. LEXIS 13542, at *6 (E.D. Va. July 7, 2005) (holding that an appeal divests the court of jurisdiction over any aspect of the defendant's case involved in the appeal).

   3. United States v. Green, 996 F.3d 176 (4th Cir. 2021) Argument

The Defendant contends that the Fourth Circuit's recent decision in *United States v. Green*, 996 F.3d 176 (4th Cir. 2021), which held that a Hobbs Act Robbery is not a crime of violence under the career offender provision of the Sentencing Guidelines, renders his enhancement under the guidelines invalid. However, *Green* is inapposite. As the *Green* Court notes, the Fourth Circuit has held, and still holds, that a Hobbs Act robbery is a crime of violence under 18 U.S.C. § 924(c)'s force clause. *See Green*, 996 F.3d at 181 (citing *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019)); *see also United States v. O'Connor*, 874 F.3d 1147 (10th Cir. 2017) ("There is nothing incongruous about holding that Hobbs Act robbery is a crime of violence for purposes of 18 U.S.C. § 924(c)(3)(A), which includes force against a person or property, but not for purposes of U.S.S.G. § 4B1.2(a)(1), which is limited to force against a person."). This is because section 924(c) contains a force clause that covers use or threats of force against property as well as persons. *See* 18 U.S.C.

---

[2] Amendment 599 became effective November 1, 2000, over twelve years before the Defendant was sentenced. *See* Doc. No. 111.

§ 924(c)(3)(A). Therefore, because the Defendant was not sentenced as a career offender but was charged under 18 U.S.C. § 924(c), *Green* does not apply.

4. *United States v. Taylor*, 142 S. Ct. 2015 (2022) Argument

The Defendant asserts that *United States v. Taylor*, 142 S. Ct. 2015 (2022) supports a reduction in his sentence. Yet, *Taylor* is inapplicable. In *Taylor* the Supreme Court held that attempted Hobbs Act robbery does not qualify as a "crime of violence" under 18 U.S.C. § 924(c) because no element of the offense requires proof that the defendant used, attempted to use, or threatened to use force. *Id.* at 2021. Here, the Defendant was convicted of a § 924(c) violation in connection with a charge of aiding and abetting a Hobbs Act Robbery, not *attempted* Hobbs Act Robbery, which was at issue in *Taylor*. Aiding and abetting a Hobbs Act robbery, unlike an attempted Hobbs Act robbery, qualifies as a crime of violence under the force clause of Section 924(c). *See Clemmer v. United States*, No. 3:16-cv-00317-FDW, 2020 U.S. Dist. LEXIS 44930, at *9 (W.D.N.C. Mar. 14, 2020) (citing *United States v. Grissom*, 760 Fed. App'x 448, 454 (7th Cir. 2019) (holding that, because aiding and abetting is an alternative theory of liability for an offense, one who aided and abetted a Hobbs Act robbery still committed a predicate crime of violence under § 924(c)); *United States v. McKelvey*, 773 Fed. App'x 74, 75 (3d Cir. 2019) (same). *See also United States v. Steward*, 793 Fed. Appx. 188, 2019 WL 6875294, *1 (4th Cir. Dec. 17, 2019) (citing *Mathis* for the proposition that aiding and abetting Hobbs Act robbery is a crime of violence)). Therefore, *Taylor's* holding offers no refuge for the Defendant.

5. COVID-19

Defendant bases part of his motion on the threat posed by the COVID-19 pandemic and states that he suffers from "Long Haul Syndrome," having contracted COVID-19 earlier, and suffers from shortness of breath, fatigue, heart irregularities, blurred vision, and periodontal

disease. (Doc. No. 194 at 11, 12). Defendant fails to provide his BOP medical records to substantiate any medical claims; therefore, there is no extraordinary and compelling reason for a sentence reduction. Furthermore, Defendant states that he is fully vaccinated and has received a booster. *Id*. at 12. The Centers for Disease Control and Prevention (CDC) have evaluated the COVID-19 virus and explained that vaccines "continue to be highly effective at preventing hospitalizations and death." CDC, *Benefits of Getting a* COVID-19 *Vaccine*, www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html. The CDC also notes that vaccines currently available in the United States have been shown to be "highly effective" at preventing COVID-19.

The vaccine addresses Defendant's concerns about contracting COVID-19 and his purported risk of severe illness should he contract the virus. Because Defendant's vaccination significantly mitigates the risk of contracting COVID-19, Defendant cannot establish an "extraordinary and compelling" reason for compassionate release based on his concerns about contracting the virus.

6. Rehabilitative Efforts and the 3533(a) Factors

At Defendant's sentencing, the Court considered each of the Section 3553(a) factors and determined that Defendant's conduct warranted a custodial sentence. In determining whether a reduced sentence is appropriate, the Court must again undertake such an analysis to determine that Defendant's sentence is "sufficient, but not greater than necessary," to achieve the goals of sentencing. 18 U.S.C. § 3553(a). The Section 3553(a) factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed"; (3) "the kinds of sentences available"; (4) the sentencing guidelines; (5) "any pertinent policy statement"; (6) "the need to avoid unwarranted sentence disparities

among defendants with similar records who have been found guilty of similar conduct"; and (7) "the need to provide restitution to any victims of the offense." *Id.*

Bureau of Prison records indicate that Defendant has had a limited disciplinary record during incarceration but was found possessing a hazardous tool last year. The records also indicate Defendant has completed thirty educational or work assignments during his time of incarceration. Although laudable, Defendant's efforts at rehabilitation do not outweigh the other Section 3553(a) factors and the danger he poses to society.

By age 25, Defendant had earned a criminal history category IV. (Doc. No. 74 at 17, 18). Defendant is serving a federal prison sentence for a Hobbs Act robbery and brandishing a firearm during the robbery. The nature and circumstances of his offenses were extreme and serious as the armed robbery included a child victim. *Id.* ¶ 19. At the time he committed his offense, Defendant had already been convicted of larceny, conspiring to sell and deliver cocaine, possession of a firearm by a felon and worthless check writing. As this Court noted when Defendant was sentenced, his criminal history supports a need to protect the public and still does. On balance, the Section 3553(a) factors weigh against a sentence reduction in Defendant's case.

Defendant's post release plan is encouraging, and it is very much hoped that his prospective living and employment opportunities remain available upon release. Nonetheless, a sound post release plan, when considered in concert with the factors described above, does not justify an early release based upon extraordinary and compelling reasons.

In sum, the Court has considered each of the advanced grounds in combination to determine whether taken together they rise to an extraordinary and compelling reason to grant compassionate release. While the Court recognizes its authority to do so, it finds that they do not.

For these reasons, Defendant's *pro se* motion for compassionate release and reduction in sentence under 18 U.S.C. § 3582(c)(1), and the First Step Act of 2018 (Doc. No. 194), is **DENIED.**

**SO ORDERED.**

Signed: September 28, 2022

Kenneth D. Bell
United States District Judge