# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:11-CR-00011-KDB-DSC-1

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| v. | **ORDER** |
| **ADAM JOE LOUIS JORDAN, III** | |
| **Defendant.** | |

**THIS MATTER** is before the Court on Defendant Adam Joe Louis Jordan, III's motion for consideration of a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 and Amendment 599. (Doc. No. 204). Having carefully reviewed the Defendant's motion and all other relevant portions of the record, the Court will deny the motion.

On February 15, 2011, Defendant was charged in a Bill of Indictment with one count of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951 (Count One); six counts of aiding and abetting Hobbs Act robbery in violation of 18 U.S.C. §§ 1952 and 2 (Counts Two, Four, Five, Seven, Nine, and Eleven); five counts of aiding and abetting the using, carrying, and brandishing of a firearm in furtherance of a crime of violence, that is Hobbs Act robbery as charged in Counts Two, Five, Seven, Nine, Eleven in violation of 18 U.S.C. §§ 924(c) and 2 (Counts Three, Six, Eight, Ten, Twelve); and one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e) (Count Thirteen). (Doc. No. 1).

Defendant and the Government entered into a Plea Agreement, pursuant to which Defendant agreed to plead guilty to Counts One, Three, and Thirteen of the Indictment and the Government agreed to dismiss Count Two and Counts Four through Twelve. (Doc. No. 51 at 1; Doc. No. 54 at 1).

The probation officer found Defendant's criminal history category to be IV and his Total Offense Level to be 30. (Doc. No. 69 at ¶¶ 93, 106). Defendant's statutory term of imprisonment for Count Three was a minimum of seven years to life. 18 U.S.C. 924(c). The resulting guidelines range for imprisonment was 135 to 168 months followed by a mandatory consecutive sentence of 7 years. *Id*. at ¶¶ 135-36. The Court sentenced Defendant to 151 months on each of Counts One and Thirteen, to be served concurrently, and a term of 84 months on Count Three, to be served consecutively to the terms imposed on Counts One and Thirteen, for a total term of 235 months' imprisonment. (Doc. No. 111).

Defendant is a 38-year-old male serving his prison sentence at USP Thomson in Illinois. His current projected release date is January 14, 2027. Defendant bases his motion on a change in the law under Amendment 821 and Amendment 599.

By statute, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Nonetheless, Congress has provided a few exceptions to this general rule. One such exception is a motion "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In such a case the court "may" reduce the sentence if doing so would be consistent

with the factors in 18 U.S.C. § 3553(a) and consistent with applicable policy statements of the Sentencing Commission. *Id*.

The court follows a two-step process in considering a § 3582(c)(2) motion. *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). The court first determines whether the Defendant is eligible for a sentence reduction and the extent of the authorized reduction. U.S.S.G. § 1B1.10(b)(1). The Defendant is eligible for sentence reduction consideration if application of the retroactive Guideline Amendment lowers the Defendant's guideline range. U.S.S.G. § 1B1.10(a)(2)(B) and (b)(1).

The Sentencing Commission's recent Amendment 821 would lower Defendant's guideline range. (Doc. No. 204 at 6-8). In Defendant's Presentence Report, Defendant was assessed two criminal history points called "status points" as he committed the offense while under a criminal justice sentence. (Possession of a Firearm by a Felon, Doc. No. 74, ¶ 105). This gave the Defendant eight criminal history points and a criminal history category of IV. *Id*. at ¶ 106. Under Amendment 821 the Defendant would not have received any "status points" as he had six criminal history points otherwise. *Id*. at ¶ 104. Six criminal history points would be a category III and the revised applicable sentencing guidelines would change to 121-151 months imprisonment given his total offense level of 30. Therefore, Defendant is eligible for consideration of a reduction in his sentence even though the revised guideline includes the sentence that was imposed.

The second step in the process is to consider the applicable § 3553(a) factors and determine whether, in the Court's discretion, a reduction in sentence is warranted. *Martin*, 916 F. 3d at 395.

At Defendant's sentencing, the Court considered each of the Section 3553(a) factors and determined that Defendant's conduct warranted a custodial sentence. In determining whether a reduced sentence is appropriate, the Court must again undertake such an analysis to determine that Defendant's sentence is "sufficient, but not greater than necessary," to achieve the goals of sentencing. 18 U.S.C. § 3553(a). The Section 3553(a) factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed"; (3) "the kinds of sentences available"; (4) the sentencing guidelines; (5) "any pertinent policy statement"; (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (7) "the need to provide restitution to any victims of the offense." Id.

Bureau of Prisons records indicate that Defendant has had a limited disciplinary record during incarceration but has been found possessing a hazardous tool and possessing stolen property. The records also indicate Defendant has completed almost forty educational or work assignments during his time of incarceration. Although laudable, Defendant's post-conviction conduct does not outweigh the other Section 3553(a) factors and the danger he poses to society.

By age 25, Defendant had already earned a then correctly calculated criminal history category IV.[1] (Doc. No. 74 at 17, 18). Defendant is serving a federal prison sentence for a Hobbs Act robbery and brandishing a firearm during the robbery. The nature and circumstances of his offenses were extreme and serious as the armed robbery included a child victim. *Id*. at ¶ 19. At the time he committed his offense, Defendant had previously been convicted of larceny, conspiring to sell and deliver cocaine, possession of a firearm by a felon and worthless check writing. As this Court noted when Defendant was sentenced, his criminal history supports a need to protect the public and still does. On balance, the Section 3553(a) factors weigh against a sentence reduction in Defendant's case. The sentence imposed remains within the newly calculated guideline range.

The Defendant also contests the calculation of his sentencing guidelines under Amendment 599 to the United States Guidelines, which addresses the circumstances under which a court may impose a weapons enhancement on a defendant convicted of a violation of § 18 U.S.C. § 924(c). *See United States v. Smalls*, 444 F. Supp. 2d 500, 501 (D.S.C. 2006) (citing United States Sentencing Guidelines Manual, App. C, Vol. II (2003)). The Defendant has raised the same argument numerous times and the Court has rejected it every time. (*See* Doc. Nos. 170, 186, 187, 190). Moreover, the Court's latest denial of the Defendant's Amendment 599 argument was affirmed by the Fourth Circuit Court of Appeals. (Doc. No. 202). The Court therefore will not

---

[1] As discussed *supra* his criminal history category is now III.

address any future motion the Defendant may file making an Amendment 599[2] argument.

The Court recognizes its authority to reduce Defendant's sentence, but in the exercise of its discretion declines to do so.

**IT IS, THEREFORE, ORDERED**, that Defendant's motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 and Amendment 599 (Doc. No. 204), is **DENIED.**

**SO ORDERED.**

Signed: November 29, 2023

Kenneth D. Bell
United States District Judge

---

[2] Amendment 599 became effective November 1, 2000, over twelve years before the Defendant was sentenced. (Doc. No. 111).